*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0266p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

B & H MEDICAL, L.L.C., a Michigan limited liability company,

*Plaintiff-Appellant*,

STEPHEN M. RYAN, P.L.L.C. and STEPHEN M. RYAN,
*Attorneys-Appellants (06-1339)*,

*v.*

ABP ADMINISTRATION, INC. and WRIGHT & FILIPPIS, INC.,

*Defendants-Appellees.*

Nos. 04-2438; 06-1338/1339

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-73615—Gerald E. Rosen, District Judge.

Argued: March 14, 2008

Decided and Filed: July 25, 2008

Before: MOORE, GILMAN, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Stephen M. Ryan, STEPHEN M. RYAN, P.L.L.C., Bingham Farms, Michigan, for Appellants. John A. Cook, LAW OFFICE OF JOHN A. COOK, PLLC, Royal Oak, Michigan, for Appellees. **ON BRIEF:** Stephen M. Ryan, STEPHEN M. RYAN, P.L.L.C., Bingham Farms, Michigan, for Appellants. John A. Cook, LAW OFFICE OF JOHN A. COOK, PLLC, Royal Oak, Michigan, Gerard Mantese, Mark C. Rossman, MANTESE & ROSSMAN, P.C., Troy, Michigan, for Appellees.

_____

## OPINION

_____

PER CURIAM. In response to our opinion granting Defendants-Appellees' motion for appellate sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure, John A. Cook, counsel for Defendants-Appellees, filed an affidavit in support of a requested amount of sanctions totaling $152,846.11. B & H Medical, L.L.C., Plaintiff-Appellant ("B&H"), and Stephen M. Ryan, P.L.L.C., and Stephen M. Ryan, Attorneys-Appellants (collectively, "Ryan"), filed a response

contending that the requested amount is excessive. For the reasons stated below, we agree and fix the amount at $10,000.

Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed R. App. P. 38. Our opinion concluded that the manifestly frivolous nature of the appeal meant that "B&H and Ryan must jointly pay W&F the costs incurred in defending this appeal." *B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 271 (6th Cir. 2008).

Before the district court, Defendants-Appellees requested over $325,000 in sanctions after the district court granted their motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. J.A. at 131 (Order Awarding Rule 11 Sanctions at 1). The district court noted that over $128,000 of that amount was due to attorney fees and that the request detailed nearly 650 hours of attorneys' work. J.A. at 134-35 (Order Awarding Rule 11 Sanctions at 4-5). The district court imposed $42,760 in attorney fees as sanctions, finding that only one-third of the requested award was a reasonable expense. *Id.* The district court observed that because the "Plaintiff's claims suffered from fundamental and rather glaring evidentiary defects . . . it should not have been an especially onerous or time-consuming task to prepare a summary judgment motion that pointed out these deficiencies in Plaintiff's theories of recovery." J.A. at 135 (Order Awarding Rule 11 Sanctions at 5).

The affidavit and supporting exhibits filed in our court state that well over 500 hours were expended in this appeal at a total requested cost of $152,846.11. Our opinion highlighted the numerous deficiencies plaguing Plaintiff-Appellant's briefing, including that Plaintiff-Appellant failed to challenge a crucial basis of the district court's opinion, introduced new theories, and reiterated arguments that the district court had already deemed frivolous. We accept the district court's finding that approximately $42,000 in attorney fees constituted a reasonable expense of moving for summary judgment in this case; defending that judgment on appeal should have required far less. Although Plaintiff-Appellant did introduce on appeal a new theory of the case, much of Plaintiff-Appellant's briefing merely repeated arguments that the district court had already soundly rejected and sanctioned.

After considering the parties' submissions, we impose a sanction of $10,000. This sum is approximately one-fourth of the amount that the district court deemed a reasonable sanction for baselessly opposing summary judgment. We consider that sum to constitute a reasonable measure of the costs required to prevail in this case against B&H and Ryan's manifestly frivolous appeal. In arriving at that sum, we also conclude that $10,000 is a sanction sufficient to deter such frivolous litigation conduct. *See Dubay v. Wells*, 506 F.3d 422, 433 (6th Cir. 2007) ("[T]he sole purpose of awarding attorney fees under Rule 38 is to discourage litigants from wasting this Court's time and the opposing party's resources with frivolous appeals.").

Accordingly, we order that B&H and Ryan must jointly pay $10,000 to Defendants-Appellees.